NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FEHER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES CARPENTER aka JAMES LEE CARPENTER, an individual; JOSHUA FAIRHURST, an individual; RIS, INC.; an Oregon Corporation; ATHENE ANNUITY AND LIFE COMPANY f/k/a AVIVA LIFE AND ANNUITY COMPANY, an Iowa corporation; THE PENN INSURANCE AND ANNUITY COMPANY, a business entity, form unknown; and DOES 1 to 50, inclusive,<br><br>　　　　　　Defendants. | Case No.  2:15-CV-676 SVW (FFMx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**<br><br>**[DISCOVERY MATTER]** |

　　　　The parties' Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order") is before the Court. The Court having read the order and good cause appearing therefore, the Court hereby enters the following Protective Order:

　　　　1.　　<u>Statement of Good Cause</u>:  In the course of litigating and taking discovery in the above-captioned action (the "Action"), the parties, or third parties in connection with the Action, may need to produce competitively sensitive, confidential, and proprietary business information and/or private personal, medical, or financial information (collectively, "Confidential Information"), including the

following categories of Confidential Information:

    (a)    commercially sensitive and proprietary internal, financial or actuarial material;

    (b)    non-public personal identifying information (including, addresses, social security numbers and dates of birth), and health and financial information relating to the policies at issue in this Action, the disclosure of which would potentially violate state and federal privacy laws, including but not limited to The California Insurance Information and Privacy Protection Act, Cal. Ins. Code § 791, *et seq.*, The California Public Records Act, West's Ann. Cal. Gov. Code § 6254 (c), The California Financial Information Protection Act, Cal. Fin. Code § 4050, *et seq.*, and The Gramm-Leach-Bliley Act, 15 U.S.C. 6801, *et seq.*;

    (c)    documents that reveal confidential financial information about a party's business or commercial information about a party's business that is not available to the public or its competitors, which if disclosed could place the party at a competitive disadvantage; and

    (d)    commercially sensitive and proprietary, confidential information that constitutes, discusses or reflects trade secrets entitled to protection under various laws and regulations, including but not limited to California's Uniform Trade Secret Act.

Confidential Information shall include the contents and all copies, excerpts, extracts, and summaries of documents, testimony, and information, designated by the parties as such, provided that such designation has not been successfully challenged and finally revoked pursuant to paragraph 9 herein.

    2.    This Protective Order shall, pursuant to Fed. R. Civ. P. 26(c), limit the copying, dissemination, and filing of Confidential Information to be produced or

- 1 -

STIPULATED PROTECTIVE ORDER
2:15-CV-00676-SVW-FFM

100306594.3

1  provided by any party and their respective counsel or by any non-party in the course
2  of discovery in this matter, and shall govern the handling of documents and all
3  other information produced by or between the parties to the Action or by third
4  parties in connection with the Action, including all documents, information, and
5  testimony produced or provided pursuant to interrogatories, depositions, requests
6  for production of documents, subpoenas, requests for admissions, or other requests
7  for disclosures (whether formal or informal)~~, and all information provided,~~
8  ~~submitted, or exhibited by the parties hereto or third parties in connection with any~~
9  ~~evidentiary hearings or other proceedings conducted during the course of the~~
10 ~~Action~~. **(FFM)**

11        3.    As used herein:
12              (a)   "Producing Party" shall mean the parties to this Action and any
13                    third-parties producing "Confidential Information" in connection
14                    with depositions, document production, or otherwise, or the
15                    party asserting the confidentiality privilege, as the case may be.
16              (b)   "Receiving Party" shall mean the party to this Action and/or any
17                    non-party receiving "Confidential Information" in connection
18                    with depositions, document production, or otherwise.
19              (c)   "Qualified Person" shall mean any person authorized to receive
20                    or review Confidential Information pursuant to paragraph 6
21                    herein.
22        4.    Any party, subpoenaed non-party, or other third party whose
23 information may be disclosed in connection with this Action may designate
24 documents produced, testimony given, or other information exchanged in
25 connection with this action as "Confidential" either by notation on the document,
26 statement on the record of the deposition, designation pursuant to paragraph 8 or 10
27 or 14 herein, or written advice to the respective undersigned counsel for the parties
28 hereto. Electronic documents and information, if any, shall be designated as

1  "confidential" by any of the foregoing methods or pursuant to a procedure to be
2  agreed upon by the parties.

3      5.    All Confidential Information shall be used solely in connection with
4  this Action, and no person receiving such Confidential Information shall, directly or
5  indirectly, use, transfer, disclose, or communicate in any way the Confidential
6  Information to any person other than Qualified Persons.  Any other use or
7  disclosure is prohibited.

8      6.    Except with the prior written consent of the Producing Party or by
9  order of the Court, Confidential Information shall not be furnished, shown or
10  disclosed to any person or entity except to:

11      (a)    the parties in this action, including employees of the parties who
12  are assisting in this action;

13      (b)    counsel for the parties to this action and their associated
14  attorneys, paralegals and other professional personnel (including
15  support staff) who are directly assisting such counsel in the
16  preparation of this action for trial or other proceeding herein,
17  and are under the supervision or control of such counsel;

18      (c)    copying, imaging, computer services and/or litigation support
19  services who are bound to protect Confidential Information
20  either by their services contract with counsel or the Receiving
21  Party or by execution of the confidentiality agreement attached
22  hereto as Exhibit A;

23      (d)    any agreed-upon or ordered mediator and that mediator's
24  personnel;

25      (e)    persons whom counsel of record for a party believes (i) are
26  likely to be called to give testimony, through deposition,
27  affidavit, or at trial, on matters relating to Confidential
28  Information or (ii) possess information reasonably necessary and

relevant for the prosecution or defense of the Action; provided, however, that such information is furnished, shown or disclosed in accordance with paragraph 7 herein;

(f) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 herein;

(g) the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 11 herein or otherwise disclosed in accordance with paragraph 12 herein;

(h) an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown or disclosed in accordance with paragraph 13 herein;

(i) trial and deposition witnesses, provided that the Confidential Information is furnished, shown or disclosed in accordance with paragraphs 12 and 13, respectively, herein; and

(j) any other person agreed to by the parties.

7. Before any disclosure of Confidential Information is made to any person pursuant to paragraph 6(e) or 6(f) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Protective Order. Counsel for the party obtaining the executed Exhibit A from an expert under paragraph 6(f) shall supply a copy of Exhibit A to counsel for the other party at the

1  time such expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil
2  Procedure.
3      8. Any document or information that may contain Confidential
4  Information that has been inadvertently produced without identification as to its
5  confidential nature may be so designated by the party asserting the confidentiality
6  privilege by written notice to the undersigned counsel for the Receiving Party
7  identifying the document or information as "Confidential" within a reasonable time
8  following the discovery that the document or information has been produced
9  without such designation.  Any party receiving such improperly-designated
10  documents shall retrieve such documents from persons not entitled to receive those
11  documents.
12      9. With respect to objections to designations of documents and
13  information as "Confidential," a party shall not be obligated to challenge the
14  propriety of a designation as "Confidential" at the time made, and a failure to do so
15  shall not preclude a subsequent challenge thereto.  In the event that any party to this
16  Action disagrees at any stage of these proceedings with the designation by the
17  Producing Party of any information as "Confidential," or the designation of any
18  person as a Qualified Person, the parties shall first try to resolve such dispute in
19  good faith on an informal basis.  If the dispute cannot be resolved, the party that
20  disagrees with the designation may seek appropriate relief from the Court on an
21  expedited schedule to be established by the Court that provides the opposing party
22  with the opportunity to file a response.  Pending the resolution of such motion by
23  the Court and any subsequent appeal therefrom, the parties agree to treat the
24  information that is the subject of the motion in accordance with the Producing
25  Party's designation.  The Producing Party shall at all times carry the initial burden
26  of establishing that the contested information merits a "Confidential" designation.
27      10. All depositions, the information disclosed therein, and the transcripts
28  thereof shall presumptively be treated as Confidential Information and subject to

- 5 -

STIPULATED PROTECTIVE ORDER
2:15-CV-00676-SVW-FFM

100306594.3

1   this Protective Order during the deposition and for a period of thirty (30) days after
2   a transcript of said deposition is received by counsel for each of the parties.  At or
3   before the end of such thirty-day period, the deposition shall be classified
4   appropriately by notifying all of the parties in writing of the specific pages and lines
5   of the transcript which should be treated as Confidential Information thereafter.

6          11.   A Receiving Party who seeks to file with the Court any deposition
7   transcripts, exhibits, answers to interrogatories, and other documents which have
8   previously been designated as comprising or containing Confidential Information,
9   and any pleading, brief or memorandum which reproduces, paraphrases or discloses
10  Confidential Information, shall follow the procedures of this Court for filing
11  documents conditionally under seal so as to prevent the disclosure of Confidential
12  Information to persons other than Qualified Persons, including Local Rule 79-5.
13  The party who designated the documents "Confidential" may file supplemental
14  materials with the Court to support the application to file under seal filed by the
15  Receiving Party.

16         12.   Should the need arise for any of the parties to disclose Confidential
17  Information during any hearing or trial before the Court, including through
18  argument or the presentation of evidence, such party may do so only after taking
19  such steps as the Court, upon motion of the disclosing party, shall deem necessary
20  to preserve the confidentiality of such Confidential Information.

21         13.   Any deposition witness who is not otherwise a Qualified Person and
22  who will be given access to Confidential Information shall, prior thereto, be
23  provided with a copy of this Protective Order and counsel shall make reasonable
24  efforts to have such person execute a confidentiality agreement in the form of
25  Exhibit A attached hereto.  If unable to obtain an executed confidentiality
26  agreement from such person, counsel shall immediately and prior to the deposition
27  provide notice to counsel for the other party.  Counsel for the party obtaining the
28  executed Exhibit A shall supply a copy to counsel for the other party.

1  Alternatively, counsel for the parties may agree that Confidential Information is
2  adequately protected by such person's existing obligations to maintain the
3  confidentiality of such information. Nothing herein, however, shall prevent any
4  counsel of record from utilizing Confidential Information in the examination or
5  cross-examination of any person who is indicated on the document as being an
6  author, source or recipient of the Confidential Information, irrespective of which
7  party produced such information.

8  14.   Subject to the provisions of this Protective Order, a party may
9  designate as Confidential Information any document, information, or deposition
10 testimony produced or given by any non-party to this case, or any portion thereof,
11 where such information has not already been designated as "Confidential" by that
12 non-party if the document, information, or deposition testimony constitutes
13 Confidential Information as defined herein.

14 15.   This Protective Order and the procedures herein shall not affect the
15 rights of the parties to object to discovery on any grounds, nor shall it relieve the
16 parties of the necessity of proper response or objection to discovery requests.

17 16.   In the event that the Receiving Party is requested or required (by oral
18 questions, interrogatories, requests for information or documents in a legal
19 proceeding, subpoena, civil investigative demand, other similar process, or rule of
20 law) to disclose any Confidential Information in another action or proceeding, the
21 Receiving Party shall provide the Producing Party with prompt written notice of
22 any such request or requirement so that the Producing Party may seek a protective
23 order or other appropriate remedy and/or waive compliance with the provisions of
24 this Protective Order, provided, however, that nothing in this Protective Order shall
25 be interpreted to obligate the Receiving Party to seek such a protective order or
26 other remedy. Unless the Producing Party waives the protections of this Protective
27 Order, the Receiving Party will not disclose any Confidential Information **prior to**
28 **the date of response specified in the discovery request, demand, subpoena or**

1 **other process for production,** except pursuant to the order of a court of competent

2 jurisdiction directing the disclosure of such Confidential Information. **(FFM)**

3     17.

4         (a) <u>Inadvertent Disclosure</u>

5 Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, such inadvertent disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter, provided the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error. The Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within ten (10) calendar days from the date that the inadvertent disclosure was discovered or brought to the attention of the Producing Party, the Producing Party informs the Receiving Party that privileged information has been disclosed, and instructs the Receiving Party to promptly return, destroy, delete, render inaccessible or disable all copies of the inadvertently disclosed documents.

20         (b) <u>Post-Disclosure Actions</u>

21 The Receiving Party must return or destroy the specified documents and all altered or unaltered hard and electronic copies in the Receiving Party's possession within ten (10) calendar days of the Producing Party's instruction. The Receiving Party must promptly certify that the documents have been returned or destroyed. The Receiving Party will not be required to return or destroy any CD-ROM or other form of electronic production containing both inadvertently disclosed privileged documents and non-privileged documents until the Producing Party has provided a CD-ROM or other form of electronic production containing all such non-privileged

documents. If a Receiving Party discovers clearly privileged documents, the Receiving Party must notify the Producing Party of its receipt of privileged materials within seven (7) calendar days of its discovery, regardless of whether the Receiving Party intends to contest the privilege. The Receiving Party must take reasonable steps to retrieve any privileged information that was disclosed or distributed and prevent any further dissemination of the information. The Receiving Party must also inform the Producing Party, in writing, of all pertinent facts relating to any such disclosures or distributions.

If the Receiving Party opposes the asserted claim of privilege or work product protection, the Receiving Party shall, no later than ten (10) calendar days after returning or destroying the information as outlined above, send a Local Rule 37-1 letter requesting a discovery conference, and after the Parties' Conference, promptly serve its portion of a joint stipulation, as contemplated by Local Rule 37-2, on the Producing Party. The Receiving Party shall not use or disclose the information until the claim is resolved. Upon a determination by the Court that the specified information is not protected by the applicable privilege, the Producing Party shall bear the costs of replacing the information into any programs or databases from which it was removed or destroyed. The Producing Party must preserve the information until the claim is resolved.

(c) <u>Notice</u>

Notice required in the above subparagraphs must be in writing and must be served on all counsel unless it is an oral notice delivered at a deposition. If the notice is delivered orally a deposition, the notifying Party must follow up with a written notice within five (5) business days. All requests and notifications must be specific enough to identify and locate the privileged information.

18. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person. The

- 9 -

1  existence, if any, of an adequate remedy at law shall not preclude the applying party
2  from obtaining such relief.

3       19.   This Protective Order shall continue to be binding after the conclusion
4  of this litigation except (a) that there shall be no restriction on documents that are
5  used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a
6  party may seek the written permission of the Producing Party or further order of the
7  Court with respect to dissolution or modification of any provision of the Protective
8  Order.  The provisions of this Protective Order shall, absent prior written consent of
9  both parties, continue to be binding after the conclusion of this action.  The Court
10 expressly retains jurisdiction over this Action for enforcement of the provisions of
11 this Protective Order following the final resolution of the Action.

12      20.   Nothing herein shall be deemed to waive any privilege recognized by
13 law, or shall be deemed an admission as to the admissibility in evidence of any
14 facts or documents revealed in the course of disclosure.

15      21.   Within sixty (60) days after entry of an order, judgment or decree
16 finally disposing of this Action, all Confidential Information produced or
17 designated and all reproductions thereof, shall be returned to the Producing Party or
18 shall be destroyed, at the option of the Producing Party.  In the event that any party
19 chooses to destroy physical objects and documents, such party shall certify in
20 writing within sixty (60) days of the final termination of this litigation that it has
21 undertaken its best efforts to destroy such physical objects and documents, and that
22 such physical objects and documents have been destroyed to the best of its
23 knowledge.  Notwithstanding anything to the contrary, counsel of record for the
24 parties may retain all pleadings, motion papers, discovery responses, deposition
25 transcripts, deposition and trial exhibits, legal memoranda, correspondence, work
26 product and attorney-client communications that include or are derived from
27 Confidential Information.  This Protective Order shall not be interpreted in a
28 manner that would violate any applicable cannons of ethics or codes of professional

- 10 -  STIPULATED PROTECTIVE ORDER
2:15-CV-00676-SVW-FFM
100306594.3

responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

22. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

23. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. When serving any subpoena in this Action on a non-party to the Action, a copy of this Protective Order shall be included with the subpoena.

25. This Protective Order shall be binding upon any future party to the Action.

26. This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

**SO ORDERED.**

DATED: April 24, 2015

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FEHER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES CARPENTER aka JAMES LEE CARPENTER, an individual; JOSHUA FAIRHURST, an individual; RIS, INC.; an Oregon Corporation; ATHENE ANNUITY AND LIFE COMPANY f/k/a AVIVA LIFE AND ANNUITY COMPANY, an Iowa corporation; THE PENN INSURANCE AND ANNUITY COMPANY, a business entity, form unknown; and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No. 2:15-CV-00676 SVW (FFMx)<br><br>**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION** |

I, _____, state that:

    1.    I have received a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "**Protective Order**") entered in the above-entitled action.

    2.    I have carefully read and understand the provisions of the Protective Order.

    3.    I will comply with and agree to be bound by all of the provisions of the Protective Order.

4. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

5. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

6. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Executed on _____  _____
                    (Date)                                (Signature)